Slip Op. 17-113

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **LINYI BONN FLOORING MANUFACTURING CO., LTD.,**<br><br>Plaintiff,<br><br>**OLD MASTER PRODUCTS, INC. & LUMBER LIQUIDATORS SERVICES, LLC,**<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant,<br><br>**COALITION FOR AMERICAN HARDWOOD PARITY,**<br><br>Defendant-Intervenor. | **Before: Timothy C. Stanceu, Chief Judge**<br><br>**Court No. 15-00227** |

## OPINION

[Sustaining a decision in response to court order in litigation contesting a final determination in an administrative review of an antidumping duty order]

Dated: August 25, 2017

*Jeffrey S. Neeley*, Husch Blackwell LLP, of Washington D.C., for plaintiff Linyi Bonn Flooring Manufacturing Co., Ltd.

*John Robert Magnus* and *Sheridan Scott McKinney*, Tradewins LLC, of Washington D.C., for plaintiff-intervenor Old Master Products, Inc.

*Mark Rett Ludwikowski*, Clark Hill PLC, of Washington D.C., for plaintiff-intervenor Lumber Liquidators Services, LLC.

*Tara K. Hogan*, Senior Trial Counsel, Civil Division, U.S. Department of Justice, of Washington D.C., for defendant United States. With her on the brief were *Benjamin C. Mizer*,

Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director.  Of counsel on the brief was *Shelby M. Anderson*, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

*Jeffrey Steven Levin*, Levin Trade Law, P.C., of Bethesda, M.D., for defendant-intervenor Coalition for American Hardwood Parity.

Stanceu, Chief Judge: Before the court is the decision (the "Remand Redetermination") the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") issued in response to the court's order in *Linyi Bonn Flooring Mfg. Co. v. United States*, 41 C.I.T. __, 222 F. Supp. 3d 1274 (2017) (*"Linyi Bonn"*).  *Final Results of Redetermination Pursuant to Court Order* (June 19, 2017), ECF No. 53 (*"Remand Redeterm."*).  For the reasons set forth below, the court sustains the Remand Redetermination.

## I. Background

Background in this case is set forth in *Linyi Bonn* and is summarized and supplemented herein.  44 C.I.T. at __, 22 F. Supp. 3d at 1277-81.  This litigation arose from a challenge by plaintiff Linyi Bonn Flooring Manufacturing Co., Ltd. ("Linyi Bonn") to the final results of the second periodic administrative review of an antidumping duty order multilayered wood flooring ("MLWF") from the People's Republic of China ("Final Results").  *See Multilayered Wood Flooring from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Results of New Shipper Review; 2012-2013*, 80 Fed. Reg. 41,476 (Int'l Trade Admin. July 15, 2015).  The second review pertained to the period of December 1, 2012 through November 30, 2013.  *Id.*, 80 Fed. Reg. at 41,476.  In the Final Results, Commerce assigned Linyi Bonn an antidumping duty rate of 58.84%.  *Id.*, 80 Fed. Reg. at 41,478, 41,478 n.18.  Commerce took this action upon concluding that Linyi Bonn was part of the "PRC-wide entity" based on Linyi Bonn's failure to submit "a certification of no shipment,

separate rate application or separate rate certification" following the initiation of the second review.  *Id.*

Prior to the issuance of the Final Results, Linyi Bonn had been assigned a zero margin and zero cash deposit rate in a new shipper review ("NSR") that covered the period of December 1, 2012 through May 31, 2013, i.e., a period parallel to the first six months of the period of review for the second review.  *See Multilayered Wood Flooring from the People's Republic of China: Final Results of Antidumping Duty New Shipper Reviews; 2012-2013*, 79 Fed. Reg. 66,355 (Int'l Trade Admin. Nov. 7, 2014).

### A.  The Court's Decision in *Linyi Bonn*

In *Linyi Bonn*, the court held that the assignment of the 58.84% rate to Linyi Bonn was unlawful because Commerce failed to provide Linyi Bonn notice of the availability of "a special procedure by which Linyi Bonn could have sought to retain its previously-obtained zero margin and its previously-obtained zero cash deposit rate in the second review . . . ."  *Linyi Bonn*, 41 C.I.T. at __, 222 F. Supp. 3d at 1282-83.  The court referred to that procedure as a procedure for a "partial no shipment certification."  *Id.*, 41 C.I.T. at __, 222 F. Supp. 3d at 1291.  The court observed that two other parties to the new shipper review, Dalian Huade Wood Product Co., Ltd. ("Huade") and Zhejiang Fuerjia Wooden Co., Ltd. ("Fuerjia"), had availed themselves of such a procedure.  *Id.*, 41 C.I.T. at __, 222 F. Supp. 3d at 1284.  The court stated that "[o]n remand, Commerce must correct the problem" created by its failure to provide notice of the special procedure to Linyi Bonn.  *Id.*, 41 C.I.T. at __, 222 F. Supp. 3d at 1291.

Court No. 15-00227                                                                                                    Page 4

### B.  The Remand Redetermination

In response to the court's order in *Linyi Bonn*, Commerce requested that "Linyi Bonn provide confirmation of no shipments during the applicable portion of the period of review that was not covered by the *Final Results of NSR* (i.e., June 1, 2013, through November 30, 2013)." *Remand Redeterm.* 4.  After receiving this confirmation and consulting with U.S. Customs and Border Protection ("CBP"), Commerce in the Remand Redetermination "determined that Linyi Bonn had no shipments during the period of review that were not covered in the overlapping period of review for the partially concurrent NSR." *Id*.  The Remand Redetermination states that "[a]ccordingly, the Department has determined that Linyi Bonn had no shipments that are subject to the second administrative review." *Id.*  It informs the court of the Department's intention to "take the necessary steps to correct its prior assessment instructions with respect to Linyi Bonn to: (1) give effect to the finding of no shipments during the period June 1, 2013, through November 30, 2013; and (2) ensure that liquidation of any entries of subject merchandise that were produced and exported by Linyi Bonn during the period December 1, 2012, through May 31, 2013 are liquidated in accordance with the *Final Results of the NSR*." *Id.* at 5. Regarding timing, Commerce stated that its intended actions are pending "a final and conclusive court decision in this litigation, including all appeals and remand proceedings, as provided in section 516A of the Tariff Act of 1930, as amended." *Id.* at 4-5.

### C.  Comments on the Remand Redetermination

On July 5, 2017, plaintiff indicated its support for the Remand Redetermination in comments submitted to the court.  Comments on Remand Results, ECF No. 55.  Neither plaintiff-intervenors nor defendant-intervenor commented on the Remand Redetermination.  On July 20, 2017, defendant responded to plaintiff's comments, requesting that the court "sustain the

Remand Redetermination and enter judgment in favor of the United States." Def.'s Resp. to Comments Regarding the Remand Redetermination 3, ECF No. 57.

## II. DISCUSSION

The court will sustain the Remand Redetermination because it concludes that Commerce has complied with the court's order in *Linyi Bonn* and because no party has objected to the Remand Redetermination. In this Opinion, the court presents its reasoning for concluding that the Remand Redetermination complies with the court's order and addresses certain matters involving the implementation of the Remand Redetermination by Commerce and CBP, specifically, the cash deposit rate and the liquidation of affected entries.

### A. Compliance with the Court's Order in *Linyi Bonn*

In *Linyi Bonn*, the court ordered Commerce to correct the problem created by the failure to provide Linyi Bonn notice of the partial no shipment certification procedure. *Linyi Bonn*, 41 C.I.T. at __, 222 F. Supp. 3d at 1291. The court held that "[b]ecause the procedural flaw was prejudicial to Linyi Bonn, the only remedy that will suffice is one that affords Linyi Bonn the opportunity it would have had if the Department's failure to provide notice had not occurred." *Id.* The court did not direct a specific method by which Commerce could provide that opportunity, instead allowing the Department discretion as to how to proceed. *Id.*

Exercising its discretion, Commerce requested a "partial no shipment" certification from Linyi Bonn, which Linyi Bonn supplied on May 23, 2017. *Remand Redeterm.* 4. "Additionally, the Department issued a no shipment inquiry to CBP to confirm that Linyi Bonn did not ship subject merchandise to the United States during the period June 1, 2013, through November 30, 2013." *Id.* (footnote omitted). Commerce added that "[o]n June 5, 2017, the Department

**Court No. 15-00227** Page 6

received notice from CBP that Linyi Bonn did not have any shipments of MLWF from June 1, 2013, through November 30, 2013." *Id.*

The court concludes that the court's order was satisfied by the Department's method of allowing Linyi Bonn the opportunity to demonstrate for the record that it had no shipments of subject merchandise during the period of June 1 through November 30, 2013. Accordingly, the court sustains the Department's ultimate determination that "Linyi Bonn had no shipments that are subject to the second administrative review."[1] *Id.*

### B. Cash Deposit Rate

Commerce explained that Linyi Bonn's cash deposit rate will not change as a result of implementation of the Remand Redetermination because Linyi Bonn's weighted-average dumping margin for the fourth administrative review, the final results for which were issued on May 26, 2017, was zero, which is also the cash deposit rate.[2] *Remand Redeterm.* 5. Commerce further explained that any excess cash deposits on entries of subject merchandise occurring during the period of review for the fourth review (December 1, 2014 through November 30, 2015) will be refunded with interest upon liquidation. *Id.*

---

[1] In reaching this ultimate determination, based on a procedure of its own choosing, Commerce does not indicate that its determination is being made under protest.

[2] The court notes that in the intervening review, the third administrative review, Commerce found that Linyi Bonn had no shipments during the period for that review (December 1, 2013 through November 30, 2014). *Multilayer Wood Flooring from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2013-2014*, 81 Fed. Reg. 46,899, 46,900 (Int'l Trade Admin. July 19, 2016).

Court No. 15-00227									Page 7

### C.  Liquidation of Entries

In the Remand Redetermination, Commerce determined that it would "ensure that liquidation of any entries of subject merchandise that were produced and exported by Linyi Bonn during the period December 1, 2012, through May 31, 2013 are liquidated in accordance with the *Final Results of the NSR*." *Id.*  In the final results of the new shipper review, Commerce determined a zero weighted-average dumping margin for Linyi Bonn.  *Linyi Bonn*, 41 C.I.T. at __, 222 F. Supp. 3d at 1280 (*citing Multilayered Wood Flooring from the People's Republic of China: Final Results of Antidumping Duty New Shipper Reviews; 2012-2013*, 79 Fed. Reg. 66,355 (Int'l Trade Admin. Nov. 7, 2014)).  Commerce stated that its determination is "pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings, as provided in section 516A of the Tariff Act of 1930, as amended (the Act)." *Remand Redeterm.* 4-5 (footnote omitted).  Commerce explained that "[t]here is an active injunction for Linyi Bonn's exports of subject merchandise that were entered, or withdrawn for warehouse, for consumption on or after December 1, 2012, until November 30, 2013." *Id.* 5 n.20 (citation omitted).  Commerce added that "[a]bsent any further order by the Court, the Department cannot instruct CBP to liquidate entries during the period covered by the injunction until there is a final and conclusive court decision in this case." *Id.*  In the judgment to be entered, the court will order that the entries at issue in this litigation be liquidated in accordance with the final court decision in this case.

**Court No. 15-00227** Page 8

### III. CONCLUSION

For the reasons discussed above, the court will enter judgment sustaining the Remand Redetermination.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated: August 25, 2017
New York, New York